# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01065-REB-PAC

ROBERT L. GOODBINDER,

    Plaintiff,

v.

LITVAK LITVAK MEHRTENS & EPSTEIN, P.C., a Colorado Corporation,
LAWRENCE LITVAK, individually and as an agent for the LITVAK LITVAK MEHRTENS & EPSTEIN, P.C..
RONALD D. LITVAK, individually and as an agent for the LITVAK LITVAK MEHRTENS & EPSTEIN, P.C.,
GAYLE S. STRAUSS, (a/k/a) GAYLE S. GOODBINDER, and
JUDGE, SENIOR STATUS, JACK F. SMITH, in his individual capacity,

    Defendants.
_____

## ORDER RE: MOTIONS TO DISMISS
_____

**Blackburn, J.**

    The matters before me are (1) Litvak Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [#9], filed August 3, 2005; and (2) Defendant Gayle Strauss's Joinder in the Litvak Defendants' Motion to Dismiss for Failure to State Claims Upon Which Relief Can Be Granted [#11], filed August 18, 2005.  I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).  I grant the motions in part and deny them as moot in part.

    This lawsuit arises from a state court proceeding between plaintiff and his ex-wife, defendant Gayle Strauss.  In connection with their 1988 divorce, plaintiff and Strauss executed a Stipulation and Agreement and Property Settlement Agreement that provided for joint custody of their only son, Harrison.  Soon thereafter, Strauss's new

husband found a job in New Jersey, and sought to move the family there. Plaintiff claims that he and Strauss verbally agreed that she could take Harrison with her to New Jersey, in contravention of the terms of the parties' Stipulation and Agreement, in return for which plaintiff would not be obligated to pay further child support. In 1999, Strauss filed an action in New Jersey state court seeking to amend the visitation provisions of the Stipulation and Agreement and claiming that plaintiff was some $60,000 in arrears on his child support payments. Although plaintiff believed the parties had negotiated a resolution of these matters, Strauss apparently felt otherwise, and through her attorneys, Litvak, Litvak, Mehrtens & Epstein, P.C., filed a Verified Motion for Contempt Citation against plaintiff in Colorado state court.

The contempt charges were tried to a jury, and plaintiff was found guilty. He was sentenced by Senior Judge Jack F. Smith to two years' imprisonment. Plaintiff appealed, and his conviction was overturned on the ground that he had been denied due process by being precluded from presenting evidence to support certain types of defenses. This lawsuit followed. Herein, plaintiff alleges claims for violation of 42 U.S.C. § 1983 and malicious prosecution. The Litvak defendants and Strauss have moved to dismiss.

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). "[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Conley***

***v. Gibson,*** 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); ***see also Daigle v. Shell Oil Co.***, 972 F.2d 1527, 1533 (10th Cir.1992).  The complaint must be construed in the light most favorable to plaintiff, and its allegations must be taken as true.  ***Robinson v. City and County of Denver*** 39 F. Supp. 2d 1257, 1262-1263 (D. Colo. 1999) (citing ***Daigle***, 972 F.2d at 1533).  However, I need not assume that plaintiff "can prove facts which [he] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  ***Associated General Contractors of California, Inc. v. California State Council of Carpenters***, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

Plaintiff's first and second causes of action arise under section 1983.  Neither of these claims is viable.  As to the first cause of action, plaintiff presents no convincing argument to overcome "the vast weight of authority that private attorneys . . . do not act under color of state law within the meaning of section 1983."  ***Barnard v. Young***, 720 F.2d 1188, 1189 & n.2 (10th Cir. 1983) (citing cases).  Likewise, private litigants are not subject to liability under section 1983 simply because they have resorted to the state's court system.  ***Read v. Klein***, 1 Fed. Appx. 866, 871-72 (10th Cir. Jan. 9, 2001).[1]

Of course, a private actor may come under the aegis of section 1983 if he is a "willful participant in joint action with the State or its agents."  ***Dennis v. Sparks***, 449

---

[1] Plaintiff's attempt to distinguish this case on the ground that defendants were exercising authority pursuant to C.R.C.P. 107, and, therefore, were acting as prosecutors, is unconvincing.  There is no requirement under Colorado law that sanctions for contempt be prosecuted by the district attorney or a special prosecutor, and beneficiaries of civil orders may bring such actions.  ***See Eichhorn v. Kelley***, 111 P.3d 544, 548 (Colo. App. 2004), ***cert. granted***, 2005 WL 1140493 (Colo May 16, 2005) (No. 05SC67); ***see also Kourlis v. Port***, 18 P.3d 770, 773 (Colo. App. 2000) (punitive sanction for contempt is not a crime under Colorado law; ***Benninghoven v. Dees***, 849 P.2d 906, 908 (Colo. App. 1993) (same).

U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see also Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995). Nevertheless, plaintiff's complaint does not allege facts sufficient to raise a viable inference that defendants engaged in such a conspiracy:

> When a plaintiff in a § 1983 action attempts to assert the necessary "state action" by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges here.

*Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983) (internal citations omitted). Plaintiff's first amended complaint does not even come close to meeting this standard. Rather, it relies on little more than the judge's unfavorable rulings and plaintiff's suspicions and suppositions to suggest that defendants and the judge conspired to violate his constitutional rights. Such pleading is patently insufficient to state a claim for relief under the joint participation doctrine.

Plaintiff's third and final claim is for malicious prosecution. A court should generally refuse to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed before trial. *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). I exercise my discretion in that regard here, and accordingly find that these claims should be dismissed without prejudice.

Finally, although named in the caption of the case, Judge Smith has not been served in this matter, as plaintiff candidly admits that he "does not have sufficient

evidence to overcome the immunity issue." (First Am. Compl. at 2, ¶ 9.)  Suing a defendant with knowledge that insufficient facts and law exist to warrant any claim against him is a quintessential violation of Rule 11.  Therefore, I will dismiss these claims *sua sponte*.

**THEREFORE, IT IS ORDERED**, as follows:

(1) That the Litvak Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [#9], filed August 3, 2005, is **GRANTED IN PART** and **DENIED AS MOOT IN PART**;

(2) That Defendant Gayle Strauss's Joinder in the Litvak Defendants' Motion to Dismiss for Failure to State Claims Upon Which Relief Can Be Granted [#11], filed August 18, 2005, is **GRANTED IN PART** and **DENIED AS MOOT IN PART**;

(3) That the motions are **GRANTED** with respect to plaintiff's first and second causes of action, and these claims are **DISMISSED WITH PREJUDICE**;

(4) That the motions are **DENIED AS MOOT** with respect to plaintiff's third cause of action, which claim is hereby **DISMISSED WITHOUT PREJUDICE**;

(5) That the claims against Judge Jack F. Smith are **DISMISSED** *sua sponte*;

(6) That judgment **SHALL ENTER** in favor of defendants and against plaintiff; and

(7) That defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.L.Civ.R 54.1.

Dated September 22, 2005, at Denver, Colorado.

                                      BY THE COURT:

                                      <u>s/ Robert E. Blackburn</u>
                                      Robert E. Blackburn
                                      United States District Judge